### YOUNG v. EUGENE DIETZGEN CO.

(Supreme Court, Appellate Division, First Department. May 9, 1902.)

1. MINOR SERVANT—INJURIES—MASTER'S NEGLIGENCE.

Plaintiff, between 14 and 15 years of age, was employed by defendant as an errand boy, and was given a package to take to an express office. The package was carried to the basement of the building, one floor of which defendant occupied, and placed on a lift, which was to elevate it to the street. Nothing further was required, except to indicate to the engineer who had charge of the engine which controlled the lift to start it, and when the lift arrived at a level with the street it stopped automatically; but plaintiff, without a suggestion from anyone, got onto the lift, and started it, and in trying to stop it sustained injuries. Held, that no negligence on the part of defendant was shown.

2. SAME—LABOR LAW.

Plaintiff not having been employed to run the lift, defendant was not liable, within Labor Law (Laws 1897, c. 415, § 79), providing that no child under 15 shall be permitted to have the care or management of an elevator.

Laughlin, J., dissenting.

Appeal from special term, New York county.

Action by Otto Young, by his guardian ad litem, against Eugene Dietzgen Company. From a judgment for defendant, plaintiff appeals. Affirmed.

Argued before VAN BRUNT, P. J., and McLAUGHLIN, PATTERSON, O'BRIEN, and LAUGHLIN, JJ.

John J. Schwartz, for appellant.
W. W. MacFarland, for respondent.

McLAUGHLIN, J. This action was brought to recover damages for personal injuries alleged to have been sustained by reason of the defendant's negligence. At the trial the complaint was dismissed at the close of plaintiff's case, and from the judgment thereafter entered, this appeal is taken.

The facts upon which a recovery was sought were as follows: The plaintiff, between 14 and 15 years of age at the time he was injured,

was in the employ of the defendant as an errand boy. The defendant occupied the fifth floor of a building in the city of New York in which there were two elevators,—one for passengers and one for freight, which ran from the bottom to the top of the building. In the basement of the building there was a third elevator, or what is called in the record a "street lift," by which freight was taken from the basement to the sidewalk. Both of the elevators and the street lift were operated, not by the defendant, but by the owners of the building. On the 16th of November, 1900, the defendant had occasion to send a package weighing something like 75 pounds to an express office, and for that purpose one of the shipping clerks in the employ of the defendant informed the plaintiff, who called the operator of the freight elevator, who took the package to the basement, and there placed it upon the "street lift." Nothing further was required except to indicate to the engineer who had charge of the engine which controlled the lift to start it, and when the lift arrived at a level with the street it stopped automatically. The plaintiff, without a suggestion from anyone, got onto the lift, and started it, and then endeavored to stop it, and in doing so sustained a serious injury. But the fact that he was injured did not give him a right of action against the defendant. Something more must be shown, viz., that his injury was the result of the negligent act of the defendant, and that nothing which he did contributed thereto. The plaintiff was not employed to run the elevator. He was not required to, and there was no necessity for his going upon the elevator. All he was required to do was to go to the sidewalk, for which another way had been provided, and there take the package on a truck, with which he had been provided, from the elevator to the express office. It is suggested; however, that the defendant was liable under the labor law, so called (section 79, c. 415, Laws 1897). This statute is inapplicable, for the reason that the plaintiff was not employed to run the elevator, and whatever he did with reference to it was his own voluntary act. It cannot be that one who employs an errand boy between 14 and 15 years of age is guilty of negligence when he sends him on an errand because he does not send someone to look after him.

The judgment is right, and must be affirmed, with costs. All concur, except LAUGHLIN, J., dissenting.

LAUGHLIN, J. (dissenting). Although the plaintiff was not expressly employed to run the elevator, he and other boys had been accustomed to operate it to the knowledge of the defendant company. If he was permitted by the defendant to operate the lift or elevator, although not so dircted, this was a violation of the Labor Law (section 79, c. 415, Laws 1897), and affords a cause of action in the absence of contributory negligence.

It cannot be held as matter of law that this boy was guilty of negligence in starting the lift and riding thereon as had been the custom when, according to his evidence, it does not appear that he knew of any other way of performing the duty of getting this heavy bulky package to the express office in time to catch the 5:30 p. m. express wagon which was enjoined upon him on pain of losing his situation.

According to his testimony this was the common way of operating the lift and he was not aware of any other way of starting it up.

For these reasons I think the case should have been submitted to the jury.